# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MANINDER SINGH,

    Petitioner,

v.   No. 2:26-cv-658-MLG-LF

MARY DE ANDA-YBARRA, Field
Office Director of Enforcement and
Removal Operations, El Paso Field Office,
Immigration and Customs Enforcement, et al.

    Respondents.

### ORDER GRANTING PETITION FOR HABEAS CORPUS, MOOTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND VACATING TRO HEARING

This matter is before the Court on Petitioner Maninder Singh's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for TRO"), Doc. 2. Singh, an Indian citizen, entered the United States without inspection on July 18, 2023. Doc. 1 at 14-15 ¶¶ 58-59. He was arrested by U.S. Customs and Border Protection ("CBP") near the United States–Mexico border shortly after entering the country. *Id.* at 15 ¶ 60. Two days later, he was released on his own recognizance[1] pursuant to 8 U.S.C. § 1226(a)(B)(2) and pending any future removal proceedings.[2] Doc. 1 at 15 ¶ 62. On

---

[1] Section 1226 permits the release of a noncitizen from custody pending a removability determination "on 'conditional parole,'" which is synonymous with "release on recognizance." *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (noting the Government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)").

[2] Before making a custody determination, an immigration officer must assess whether releasing the noncitizen would "pose a danger to property or persons" and whether they are "likely to appear for any future [immigration] proceeding." 8 C.F.R. § 236.1(c)(8). Obviously, if a person is released on conditional parole, the immigration officer has found neither consideration appliable.

1

January 12, 2026, Singh was re-arrested without a warrant. *Id.* at 2-3, 15 ¶¶ 7, 68. Following his re-arrest, he was taken into U.S. Immigration and Customs Enforcement ("ICE") custody and detained at Otero County Processing Center ("Otero") in Chaparral, New Mexico. *Id.* at 5, 15 ¶¶ 17, 68, 73. Singh remains detained in Otero absent an immigration court finding that his circumstances have changed so materially that he now poses either a flight risk or a danger to the community. *Id.* at 15 ¶¶ 69-70, 73. Singh "has never been arrested or missed any appointments with [ICE], or any other agency, and has complied with all terms of his conditional parole." *Id.* ¶ 72. There is no evidence before the Court that he has been arrested or otherwise convicted of any crimes. *Id.* at 3 ¶ 7.[3]

Singh files the instant Petition requesting immediate release and an order from the Court "[e]njoin[ing] Respondents from detaining [him] under § 1226(a) unless his detention is ordered at a custody hearing before a neutral arbitrator in which the government bears the burden of proving, by clear and convincing evidence, that [he] is a flight risk or danger to the community[.]" Doc. 1 at 20. Singh also asks the Court to (1) "[d]eclare that [his] arrest and detention violate the Due Process Clause of the Fifth Amendment and the Immigration and National Act;" (2) "[o]rder that Respondents may not arrest [him] while INA § 1229a proceedings are ongoing, including during any direct appeal from dismissal of proceedings by the Immigration Judge[, ("IJ")] absent a material change in circumstances;" and (3) "[a]ward [him] costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act and 28 U.S.C. § 2412[.]" Doc. 1 at 20. In addition to his Petition, Singh moves the Court to issue "a temporary restraining order

---

[3] The details of Singh's initial arrest, conditional release, re-arrest, and detention at Otero are all taken from Singh's Petition. *See* Doc. 1 at 14-15. The Government does not dispute any of Singh's claims in its response. *See* Doc. 9. Therefore, the Court incorporates Singh's accounting of the events as fact.

pursuant to Federal Rule of Civil Procedure 65(b) . . . order[ing] [his] immediate release from Respondents' custody pending [his habeas proceedings], without requiring bond or electronic monitoring" and "enjoining Respondents from removing him from the United States during the pendency of these proceedings." Doc. 2 at 1-2.

Respondents filed a Response to the Petition and Motion for TRO on March 5, 2026. Doc. 9. They assert that Singh's detention accords with § 1225(b)(2)(A) per the Bureau of Immigration Affairs' ("BIA") recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025),[4] and therefore, is mandatory. Doc. 9 at 1-2.

It is undisputed that Singh was released on his own recognizance. *See* Doc. 1 at 15 ¶ 62; Doc. 9. Furthermore, the Notice to Appear ("NTA") that CBP issued to Singh following his initial arrest and conditional parole "does not allege [he] is an 'arriving alien,' though containing [a] box to designate this information."[5] *Id.* ¶¶ 65, 71. So, the Court must logically conclude that Singh was released pursuant to § 1226(a)(2)[6] and that an immigration officer made an initial determination that Singh was neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *supra* note 2.

---

[4] This is a recent BIA precedential decision holding that section 235(b)(2)(A) of the INA, codified as § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *See Matter of Yajure Hurtado*, 29 I&N Dec. at 218.

[5] The Government does not dispute this in its response. *See* Doc. 9.

[6] Respondents offer no documentary evidence that Singh was released in 2023 pursuant to § 1182(d)(5)(A)—the only exception to § 1225 mandatory detention. *See generally* Doc. 9; *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) ("Such a release on recognizance is not 'humanitarian' or 'public benefit' 'parole into the United States' under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of 'conditional parole' from detention, authorized under § 1226."); *Goorakani v. Lyons*, Nos. 25-cv-9456, 25-cv-9551, 25-cv-9592, 25-cv-9952, 2025 WL 3632896, at *7 n.8 (S.D.N.Y. Dec. 15, 2025) (finding a petitioner's release on recognizance was pursuant to § 1226 despite the lack of documentary evidence provided by the Government). Even more telling, Respondents do not assert that Singh is subject to § 1225(b)(2)(a) because he was initially detained under this statute. *See* Doc. 9.

Given the Court's determination that Singh was initially released from CBP custody pursuant to § 1226(a)(2), the Court hereby finds Singh's re-detention without an immigration court's finding of dangerousness or risk of flight constitutes a violation of the Fifth Amendment's Due Process Clause.[7] The analysis and reasoning set forth in this Court's opinion in *Diallo v. Orozco* is adopted here. No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3-4 (D.N.M. Mar. 4, 2026) (employing the *Mathews v. Eldridge*[8] balancing test to hold that re-detention of a petitioner initially released on their own recognizance pursuant to § 1226(a)(2) without a pre-deprivation hearing or immigration court finding of a change in dangerousness or flight risk constitutes a due process violation); *see also Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2025 WL 3653925, at *2 (D.N.M. Dec. 17, 2025); *Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *6-7 (D.N.M. Feb. 11, 2026); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) (collecting cases from the Northern District of California), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Destino v. FCI Berlin, Warden*, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424, at *11 (D.N.H. Dec. 24, 2025), *appeal filed sub nom.*, *Destino v. Ackley*, No. 26-1181 (1st Cir. Feb. 20, 2026); *O.F.C. v. Almodovar*, No. 25-cv-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026); *Singh v. Stevens*, No. 3:26-CV-133, 2026 WL 456489, at *7 (N.D. Ohio Feb. 18, 2026). Therefore, the requested writ of habeas corpus for his immediate release is granted.

---

[7] A bond hearing before an IJ under § 1226(a) occurs after a noncitizen has already been detained by DHS. § 1226(a)(1)-(2); 8 C.F.R.§ 236.1(d). This type of bond hearing therefore cannot prevent a deprivation of liberty that the Fifth Amendment seeks to protect as the noncitizen is already in custody. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025).

[8] 424 U.S. 319, 335 (1976).

Singh shall be released within twenty-four hours of the entry of this Order. He shall be released with all identification documentation that he possessed on his person when detained by Respondents in January 2026 along with a copy of this Order.

Singh may not be re-detained without a pre-detention hearing before a neutral IJ and only following a showing by clear and convincing evidence that Singh is a flight risk or poses a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms. Singh shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

Respondents are further ordered to file a status report within three (3) days of this Order to certify compliance. The status report shall provide the date and location in which Singh was released from custody.

Because Singh's Petition has been granted, his Motion for TRO, Doc. 2, is moot. Accordingly, the Court vacates the March 6, 2026, virtual hearing regarding Singh's Motion for TRO. *See* Doc. 10.

Additionally, Singh's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA") shall be considered. *See* Doc. 1 at 20; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). While fees are authorized, Singh must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and include an allegation demonstrating that

"the position of the United States was not substantially justified." § 2412(d)(1)(B). Upon filing the application, Respondents must justify their position in any underlying proceedings and district court litigation. *See Hackett*, 475 F.3d at 1170.[9]

    It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[9] The Court intends to enter a final judgment following receipt of Respondents' status report regarding the bond hearing pursuant to § 1226(a).